[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11071

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAURICIO LEPE-CHOLICO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:14-cr-00012-LGW-BWC-2

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Mauricio Lepe-Cholico appeals the district court's denial of his request for early release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a defendant's sentence when warranted by "extraordinary and compelling reasons." The court assumed that Lepe-Cholico presented such extraordinary and compelling reasons, but it concluded that early release was not warranted based on its evaluation of the 18 U.S.C. § 3553(a) sentencing factors. After careful review, we affirm.

In November 2014, the district court sentenced Lepe-Cholico to 180 months in prison after he pled guilty to a drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 21 U.S.C. § 846. The court varied downward substantially from the advisory guideline range of 324 to 405 months.

In February 2021, Lepe-Cholico filed a motion requesting a reduction in his sentence to time served under § 3582(c)(1)(A)(i), commonly called the "compassionate release" provision.[1] He contended that early release was warranted because he suffered from

---

[1] Lepe-Cholico also sought release to home confinement. But such decisions are within the discretion of the Attorney General, see 18 U.S.C. § 3624(c)(2); Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), and do not affect the length of the sentence, which is the relief authorized by § 3582(c)(1)(A)(i).

multiple medical conditions—including chronic asthma, prediabetes, Hepatitis C, hypertension, and a compromised immune system due to corticosteroids—that increased his risk of severe illness from COVID-19, and that prisoners were at higher risk of contracting the virus due to the realities of incarceration and the Bureau of Prisons' ("BOP") policies. He further contended that release was warranted based on the 18 U.S.C. § 3553(a) factors, his exemplary post-incarceration conduct, and his detailed release plan.

The district court denied Lepe-Cholico's motion in March 2021. The court assumed without deciding that he met his burden of showing extraordinary and compelling reasons. But it determined that the § 3553(a) factors "weigh in favor of [Lepe-Cholico] serving the sentence imposed." The court noted that the underlying offense involved kilogram-sized quantities of cocaine and crystal methamphetamine and arrangement "for the purchase of firearms to carry out his plans," that his original sentence was well within the guideline range, that he still had over five years left on his sentence, and that he was scheduled to receive his first dose of the COVID-19 vaccine in April 2021, which would significantly diminish his chances of serious illness from the virus. Based on these considerations, the court found that granting compassionate release would not meet the sentencing goals of retribution or deterrence.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review the denial of an

eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court retains a "range of choice," so long as it does not apply an incorrect legal standard, rely on clearly erroneous facts, or commit a clear error of judgment. *Harris*, 989 F.3d at 911–12.

Section 3582(c) grants the district courts limited authority to reduce the sentences of defendants for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting a reduction under this provision, the court must find three things: (1) an extraordinary and compelling reason exists under U.S.S.G. § 1B1.13's policy statement; (2) the reduction is supported by the § 3553(a) factors; and (3) granting a reduction would not endanger others. *United States v. Giron*, 15 F.4th 1343, 1345–46 (11th Cir. 2021); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1238. Thus, a court may exercise its discretion to deny a sentence reduction based on the § 3553(a) factors even if the defendant presents an extraordinary and compelling ground for relief. *Id.* at 1239.

The weight to give any particular § 3553(a) factor, whether great or slight, is committed to the district court's sound discretion. *Id.* at 1241. "Even so, [a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or

irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). But "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Tinker*, 14 F.4th at 1241 (quotation marks omitted). Nevertheless, the court "must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (quotation marks omitted).

On appeal, Lepe-Cholico argues that the district court abused its discretion in several ways. He claims that the amount of time served is not a relevant factor under § 3553(a). And he says that the court failed to consider or properly weigh several factors, including the severity of his medical conditions, his future medical danger in custody from an ever-evolving pandemic, the BOP's inadequate policies, and his good behavior, release plan, and lack of danger to the community.[2]

---

[2] Lepe-Cholico also argues that the district court has the authority to define extraordinary and compelling reasons on its own and is not bound by U.S.S.G. § 1B1.13, and that his medical conditions and the pandemic qualified as extraordinary and compelling reasons. The first argument is foreclosed by binding precedent. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)

Here, the district court did not abuse its discretion by concluding that a sentence reduction was not supported by the § 3553(a) factors. First, the amount of time a defendant has served on his sentence is a relevant factor when considering a sentence-reduction motion under § 3582(c)(1)(A)(i). The sentence the court originally imposes reflects the court's judgment about how the § 3553(a) factors apply at that time. So when the court is faced with the choice of reducing the original sentence, the time remaining on a defendant's sentence may properly inform whether relief would be consistent with those factors. *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). While Lepe-Cholico claims that the Sixth Circuit has held otherwise, the authority he cites is an appellant's brief, not an opinion of that court. Accordingly, he has not shown that the court relied on an improper or irrelevant factor.

Nor did the district court fail to consider relevant factors or unreasonably weigh those factors. The district court was not required to expressly discuss all Lepe-Cholico's mitigating evidence or every § 3553(a) factor. *See Tinker*, 14 F.4th at 1241. And it expressly considered several § 3553(a) factors. It discussed the serious nature of the offense, which involved large quantities of drugs and

(holding that district court are bound by § 1B1.13 when resolving motions under § 3582(c)(1)(A)). And the second argument is moot, since the court assumed he presented extraordinary and compelling grounds for relief.

arranging for the purchase of firearms.[3]  It also considered the original guideline range, the original sentence well below that range, and the time remaining on that sentence.  And it determined that granting early release would not reflect the seriousness of the crime, promote respect for the law, provide just punishment, or afford deterrence.  The weight to give these factors was for the district court, and Lepe-Cholico has not shown that the court abused its discretion in determining that early release was not warranted based on the § 3553(a) factors.

For these reasons, we affirm the denial of Lepe-Cholico's motion for early release under § 3582(c)(1)(A)(i).[4]

**AFFIRMED.**

---

[3] Although Lepe-Cholico appears to dispute these facts, a motion for a sentence reduction under § 3582 is a limited proceeding and not an opportunity for full resentencing.  *Cf. Dillon v. United States*, 560 U.S. 817, 825–26 (2010) (explaining that similar § 3582(c)(2) allowed for "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding").

[4] Lepe-Cholico's motion to amend his reply brief to include additional "data and statistics based on the Bureau of Prisons' publicly available data," which were not presented to the district court, is **DENIED.**  Lepe-Cholico has not moved to supplement the record, and we do not consider information "outside the record" on appeal.  *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020).  And supplementing the record is not appropriate here because the information relates to whether an extraordinary and compelling reason exists, which the district court assumed in his favor.